**EXHIBIT 1**

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

| | |
|---|---|
| SPENCER YOUNG,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF SEATTLE; JENNY DURKAN, Mayor, LORENA GONZALES, LISA HERBOLD, DEBORA JUAREZ, ANDREW J. LEWIS, TAMMY J. MORALES, TERESA MOSQUEDA, ALEX PEDERSEN, KSHAMA SAWANT, DAN STRAUSS, Seattle City Council Members, in their official capacities<br><br>　　　　　　　Defendants. | No.<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

## I.    INTRODUCTION

1.    This lawsuit seeks declaratory relief to invalidate the Emergency Civil Order issued by Mayor Jenny Durkan that establishes prohibited items, namely weapons, in the city of Seattle. This lawsuit additionally seeks declaratory relief to invalidate Seattle Municipal Codes that authorize the Mayor to prohibit constitutionally protected activities. By prohibiting possession of weapons, the City violates the fundamental rights of citizens to keep and bear arms as guaranteed by the Second Amendment.

COMPLAINT FOR DECLARATORY RELIEF -- 1

Spencer Phillip Young
2801 Western Ave APT 1019
Seattle, Washington  98121
Telephone (954) 695-5371

## II. JURISDICTION AND VENUE

2. The superior court has personal and subject matter jurisdiction over claims for declaratory relief against the State and state officers. RCW 7.24.010. Plaintiff has arranged for timely service of process on the attorney general pursuant to RCW 7.24.110.

3. Venue is proper in this court because one or more plaintiffs reside in King County. RCW 4.92.010(1).

## III. PARTIES

4. Plaintiff Spencer Young is a citizen of the United States and a resident of the State of Washington and of Seattle in King County. Young regularly exercises his right to keep and bear arms and is licensed to carry a concealed firearm.

5. Defendant City of Seattle ("the City") is responsible for enforcing local laws established by the Seattle City Council as well as direct subordinate officers in city departments.

6. Defendant Jenny Durkan is the Mayor of Seattle, the head of the executive branch of the city government of Seattle. Durkan is sued in their official capacity. Durkan acted under color of law during the course of the actions alleged herein.

7. Defendant Lorena Gonzalez is the president of the Seattle City Council. Gonzalez is sued in their official capacity. As a council president, Juarez is, in part, responsible for ratifying, modifying, or rejecting orders issued by the mayor and conducting council business.

8. Defendant Lisa Herbold is a council member of the Seattle City Council. Herbold is sued in their official capacity. As a council member, Herbold is, in part, responsible for ratifying, modifying, or rejecting orders issued by the mayor.

COMPLAINT FOR DECLARATORY RELIEF -- 2

Spencer Phillip Young
2801 Western Ave APT 1019
Seattle, Washington  98121
Telephone (954) 695-5371

9. Defendant Debora Juarez is a council member of the Seattle City Council. Juarez is sued in their official capacity. As a council member, Juarez is, in part, responsible for ratifying, modifying, or rejecting orders issued by the mayor.

10. Defendant Andrew J. Lewis is a council member of the Seattle City Council. Lewis is sued in their official capacity. As a council member, Lewis is, in part, responsible for ratifying, modifying, or rejecting orders issued by the mayor.

11. Defendant Tammy J. Morales is a council member of the Seattle City Council. Morales is sued in their official capacity. As a council member, Morales is, in part, responsible for ratifying, modifying, or rejecting orders issued by the mayor.

12. Defendant Teresa Mosqueda is a council member of the Seattle City Council. Mosqueda is sued in their official capacity. As a council member, Mosqueda is, in part, responsible for ratifying, modifying, or rejecting orders issued by the mayor.

13. Defendant Alex Pedersen is a council member of the Seattle City Council. Pedersen is sued in their official capacity. As a council member, Sawant is responsible for ratifying, modifying, or rejecting orders issued by the mayor.

14. Defendant Kshama Sawant is a council member of the Seattle City Council. Sawant is sued in their official capacity. As a council member, Sawant is, in part, responsible for ratifying, modifying, or rejecting orders issued by the mayor.

15. Defendant Dan Strauss is a council member of the Seattle City Council. Strauss is sued in their official capacity. As a council member, Strauss is, in part, responsible for ratifying, modifying, or rejecting orders issued by the mayor.

COMPLAINT FOR DECLARATORY RELIEF -- 3

Spencer Phillip Young
2801 Western Ave APT 1019
Seattle, Washington  98121
Telephone (954) 695-5371

## IV.     STATEMENT OF FACTS

16.     Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

17.     Seattle Municipal Code 10.02.020 authorizes the Mayor to issue certain orders, including, in relevant part:

> "An order prohibiting the carrying or possession of a firearm or any instrument which is capable of producing bodily harm and which is carried or possessed with intent to use the same to cause such harm"

18.     On May 30th 2020, Mayor Jenny Durkan issued an order (EXHIBIT A, herein referred to as "the order")  pursuant to SMC 10.02 that, among other prohibitions, prohibits the possession of  weapons in the city of Seattle . The order directs the Seattle Police to confiscate any weapon identified and subjects possessors thereof to arrest.

19.     The plaintiff resides at the address 2801 Western Ave, Seattle WA, 98121

20.     The area in which the order is effective (see EXHIBIT A "SECTION 1 A.") includes the plaintiff's residence as noted in the previous paragraph.

## V.     CLAIMS FOR RELIEF

21.     Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

22.     The State denies Plaintiff certain fundamental rights, privileges or immunities, including the right to keep and bear arms.

23.     Plaintiff seeks declaratory relief on grounds including, but not limited to:

COMPLAINT FOR DECLARATORY RELIEF -- 4

Spencer Phillip Young
2801 Western Ave APT 1019
Seattle, Washington  98121
Telephone (954) 695-5371

A. **Violation of the U.S. Constitution, Amendment II**

24. The Second Amendment to the Constitution of the United States protects the right of citizens to keep and bear arms, providing:

> "[...] the right of the people to keep and bear arms shall not be infringed"

25. City restrictions that deny this fundamental right violate the Second Amendment and depreives plaintiff of his Second Amendment right.

B. **Exercising powers in excess of that authorized by SMC 10.02.020**

26. The language of SMC 10.02.020(9) authorizes the Mayor to restrict possession of firearms *"which is carried or possessed with intent to use the same to cause [bodily harm]"*

27. The order issued by Defendant fails to specify this condition and therefore the order acts in excess of powers granted by law. Plaintiff is therefore entitled to a judgment that the order is unlawful and void.

C. **Violation of State Preemption Clause RCW 9.41.290, and RCW 9.41.300**

28. The State preempts prohibition of weapons. RCW 9.41.300(2) establishes what laws and ordinances cities are permitted to enact. RCW 9.41.300(2)(a), permits cities to restrict the *discharge*, but not possession, of weapons and additionally, in relevant part, provides:

> "*Such laws and ordinances shall not abridge the right of the individual guaranteed by Article I, section 24 of the state Constitution to bear arms in defense of self or others*"

29. RCW 9.41.400(2)(b) only permits the the city to restrict firearm *possession* in city-owned stadiums and convention centers.

30. The order issued by Defendant imposes restriction of possession of firearms that exceeds that which is authorized by state law and thus is considered void.

COMPLAINT FOR DECLARATORY RELIEF -- 5

Spencer Phillip Young
2801 Western Ave APT 1019
Seattle, Washington  98121
Telephone (954) 695-5371

31.  RCW 9.41.300(3)(a) permits cities to restrict areas in which firearms may be sold, under the condition that "*a business selling firearms may not be treated more restrictively than other businesses located within the same zone.*"

32.  The order issued by Defendant fails to abide by the condition in the previous paragraph and therefore plaintiff is entitled to a judgment declaring such restrictions unlawful and void.

33.  The language of SMC 10.02.020 authorizing a Mayor to restrict sale/possession/transfer of firearms is similarly in direct conflict with State law, therefore plaintiff is entitled to a judgment declaring such authorizations unlawful and void.

D.  **Violation of Article I, section 24 of the Washington State Constitution**

31.  Article I, section 24 of the Washington State Constitution protects the right of an individual to bear arms in defense of himself shall not be impaired.

32.  The order issued by Defendant deprives plaintiff of this right to bear arms in defense of himself under the Washington State Constitution.

33.  The language of SMC 10.02.020 is in direct conflict with Article I, section 24 of the State Constitution, violating State preemption and thus plaintiff is entitled to a judgment considering this provision unlawful and void.

## VI. ENTITLEMENT TO DECLARATORY RELIEF

34.  Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

35.  Plaintiff is deprived of his right to keep and bear arms as outlined above and any such attempt to exercise his right illegal and would subject plaintiff to arrest. Further, plaintiff is barred from exersising this right elsewhere, as travel with a firearm from his residence would similarly be illegal and subject plaintiff to possibility of arrest.

36.  Plaintiff is therefore entitled to a declaratory judgment that the order issued by the City restricting their rights are unconstitutional, unlawful, and void.

COMPLAINT FOR DECLARATORY RELIEF -- 6

Spencer Phillip Young
2801 Western Ave APT 1019
Seattle, Washington  98121
Telephone (954) 695-5371

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for the following relief:

A. Entry of declaratory judgment that the Order issued by Defendant that restricts possession of firearms violates Plaintiff's rights under the federal and state constitutions.

B. Entry of declaratory judgment that Plaintiff is entitled to possess a firearm in the city of Seattle in accordance with state and federal laws.

C. Entry of declaratory judgment that the Seattle Municipal Code(s) which authorize the Mayor to restrict possession of firearms violate Plaintiff's rights under state law.

D. Entry of declaratory judgment that the Order issued by Defendant exceeds tbe powers granted by and therefore violates the local ordinance which authorized the Order.

E. An award to Plaintiffs of their expenses, costs, and fees associated with the filing and maintenance of this action.

F. That the Court exercise continuing jurisdiction during the enforcement of its judgment;

G. Such other and further relief as may follow from the entry of a declaratory judgment; and

H. Any further relief that this Court may deem just and proper.

DATED this 4th day of June, 2020.

By: _____
Spencer Phillip Young (Pro se)

COMPLAINT FOR DECLARATORY RELIEF -- 7

Spencer Phillip Young
2801 Western Ave APT 1019
Seattle, Washington  98121
Telephone (954) 695-5371

# EXHIBIT A

COMPLAINT FOR DECLARATORY RELIEF -- 8

Spencer Phillip Young
2801 Western Ave APT 1019
Seattle, Washington  98121
Telephone (954) 695-5371

## CIVIL EMERGENCY ORDER

## ESTABLISHING PROHIBITED ITEMS

## CITY OF SEATTLE

**WHEREAS**, in my capacity as Mayor, I proclaimed a civil emergency exists in the City of Seattle in the Mayoral Proclamation of Civil Emergency Dated May 30, 2020 at 4:58 P.M.; and

**WHEREAS**, the facts stated in that proclamation continue to exist as this Order is being issued contemporaneously with the Mayoral Proclamation of Civil Emergency, and additionally reports are incoming about a man with a rifle on the Yesler overpass; and

**WHEREAS**, it is necessary to use extraordinary measures to protect the public peace, safety and welfare; and

**WHEREAS,** I believe it is in the best interest of the public safety, that law enforcement be granted the authority to act in the manner contemplated in this Civil Emergency Order; and

**WHEREAS,** the conditions of this Civil Emergency Order are designed to provide the least necessary restriction on the rights of the public; and

**WHEREAS,** the civil emergency necessitates the utilization of emergency powers granted to the Mayor pursuant to Seattle Municipal Code, Chapter 10.02 and RCW Chapter 38.52.

**WHEREAS,** SMC 10.02.020.A.15 authorizes the Mayor to proclaim "such other orders as are imminently necessary for the protection of life and property" and take extraordinary measures to protect the public peace, safety and welfare; and

NOW, THEREFORE,

I, JENNY A. DURKAN AS MAYOR OF THE CITY OF SEATTLE DO ORDER HAT:

### SECTION 1: RESTRICTIONS ON PROHIBITED ITEMS

A. A restricted area is imposed in the portion of the City defined at present as bounded approximately on the East by 15th Avenue East, on the South by I90, on the West by Elliott Bay and on the North by Mercer Street.

B. Within this zone, all persons are prohibited from possessing, transporting, purchasing, furnishing or selling any weapon, including, but not limited to: rocks, bottles, pipes, bats, clubs,

**Order-Establishing Prohibited Items - Page 1**

chains, sharpened signs, shields, gas, road flares, torches, paint balls, light bulbs, any incendiary devices, pry-bars, skateboards, balloons filled with liquid, dimensional lumber with a dimension greater than ½ inch, or any other objects which can be used for infliction of bodily harm or damage to property.

C. Seattle Police are hereby directed confiscate any weapon identified above or any other implement reasonably perceived or believed to be capable of being used as a weapon found within these boundaries.

D. Any individual who violates this order shall be subject to arrest, as set forth below in Section 4, and confiscation of the prohibited item.

**SECTION 4:**

Any person found to have knowingly violated this Civil Emergency Order is guilty of Failure to Obey the Mayor's Emergency Order, and upon conviction may be punished by a fine of not more than Five Hundred Dollars ($500.00) or by imprisonment for not more than One Hundred and Eighty (180) days or both such fine and imprisonment. SMC 10.02.110; 12A.26.040.

**SECTION 5:**

All mayoral proclamations presently in effect shall remain in full force and effect except that, insofar as any provision of any such prior proclamation is inconsistent with any provision of this proclamation, then the provision of this proclamation shall control.

**SECTION 6:**

A copy of this Civil Emergency Order shall be delivered to the Governor of the State of Washington and to the County Executive of King County. To the extent practicable, a copy of this Civil Emergency Order shall be made available to all news media within the City and to the general public. In order to give the widest dissemination of this Civil Emergency Order to the public, as many other available means as may be practical shall be used, including but not limited to posting on public facilities and public address systems. SMC 10.02.100.

**SECTION 7:**

This Civil Emergency Order shall immediately, or as soon as practical, be filed with the City Clerk for presentation to the City Council for ratification and confirmation, modification or rejection, and if rejected this Civil Emergency Order shall be void. The Council shall consider the statements set forth in SMC 10.02.025 and may, by resolution, modify or reject the order. If the City Council modifies or rejects this Civil Emergency Order, said modification or rejection shall be prospective only, and shall not affect any actions taken prior to the modification or

DATED this 30th day of May, 2020, at 4:59 am/pm.

_Jenny A. Durkan_
JENNY A. DURKAN
MAYOR OF THE CITY OF SEATTLE