HONORABLE BRIAN A. TSUCHIDA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

SPENCER YOUNG,

         Plaintiff,

     vs.

CITY OF SEATTLE; JENNY DURKAN,
Mayor, LORENA GONZALEZ, LISA
HERBOLD, DEBORA JUAREZ, ANDREW
J. LEWIS, TAMMY J. MORALES, TERESA
MOSQUEDA, ALEX PEDERSEN,
KSHAMA SAWANT, DAN STRAUSS,
Seattle City Council Members, in their official
capacities
             Defendant

No. 2:20-cv-00979-BAT

PLAINTIFF'S BRIEF IN RESPONSE
TO  DEFENDANT CITY OF
SEATTLE'S MOTION FOR
JUDGMENT ON THE PLEADING
PURSUANT TO FED. R. CIV. P. 12(C)

NO ORAL ARGUMENT REQUESTED

Plaintiff submits his brief in response to Defendant City of Seattle's motion for

judgement on the pleading pursuant to Fed. Civ. P. 12(c) (Dkt. #14) as follows:

## I.     INTRODUCTION

1.     In Defendant's motion for judgement on the pleading pursuant to enumerates

four reasons for their argument on why they believe the claims Plaintiff has brought before this

court fail and should be dismissed. In brief summary, Defendant asserts four reasons Plaintiff's

claims fail and should be dismissed (Dkt. #14, at p.2 lines 10 - 16) :

Spencer Young (Pro Se)
2801 Western Ave #1019
Seattle, WA 98121
(954) 695-5371

(1) Plaintiff's claim is moot

(2) Plaintiff does not have standing

(3) The Second Amendment and Article I, Section 24 of the Washing State Constitution are not unlimited and must give way to the City's emergency police powers

(4) State preemption applies to ongoing laws and ordinances, not to emergency actions

Plaintiff opposes the City's motion on all four reasons and addresses these assertions in the following.

## II.    ARGUMENT AND AUTHORITIES

**A. Plaintiff's claim is not moot, notwithstanding rescission of the May 30, 2020 Emergency Order at issue**

In considering whether or not an action is moot, it is also important for an inquiry to consider exceptions to the mootness doctrine. If the causes of action to litigation are "capable of repetition, yet evading review" then the litigation has an exception to the usual mootness rule that the controversy must  exist at all stages of the litigation. *Roe v. Wade, 410 U.S. 113 (1973).* Further, if a defendant voluntarily terminates the allegedly unlawful conduct after the lawsuit has been filed but retains the power to resume the practice at any time, a federal court may deem the case nonmoot. Further, the party claiming mootness has the burden of showing that the offending behavior cannot be repeated. *Friends of Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc., 528 U.S. 167 (2000).*

Here, despite the City's June 18 rescission of the May 30 Emergency Order, a voluntary cessation which followed the June 6 filing of this action and Plaintiff's June 16 notice of intent to

PLAINTIFF'S BRIEF IN OPPOSITION OF MOTION FOR
JUDGMENT ON THE PLEADING - 2  (20-cv-00979-BAT)

Spencer Young (Pro Se)
2801 Western Ave #1019
Seattle, WA 98121
(954) 695-5371

file for emergency injunction, Plaintiff's claims are not moot because the activity conducted by the City is easily capable of repetition, yet would evade judicial review. Because an Emergency Order is (1) too short in duration to be fully litigated prior to its cessation or expiration and (2) is easily capable of repetition in that the City need only draft another order for it to take effect, this action meets the qualifications for the mootness exception. Further, the City has not shown that this behavior is incapable of repetition[1]. *See Friends of Earth, Inc supra.* It is not only in the interest of current parties to receive declaratory judgement as to the lawfulness of the City's actions, but it is also in the public interest of third parties who may also be subject to the repeatable conduct of the City.  Lastly, in addition to declaratory relief on the lawfulness of the actions taken by the City, Plaintiff also seeks injunctive relief that would enjoin the City from such conduct in the future; that is to say there is still a justiciable controversy and relief the court is capable of rendering. Therefore, Plaintiff submits that the action is not moot for the reasons stated.

**B. The City's Order is unreasonable and its broad police powers do not override individual rights in this case; does not survive intermediate scrutiny**

The exercise of emergency police power is limited in part by Due process under the Fourteenth Amendment. In certain circumstances, the exercise of this power can be lawful even at the expense of personal liberty when it is "incidentally necessary for the accomplishment of some other and paramount object, and one that concerns the public welfare" *Coppage v. Kansas, 236 U.S. 1, 24 (1915).*

---

[1] Although in their motion (Dkt. #14 at p.8) the City claims that the language of such future Orders would likely be drafted differently, the exception to mootness here is still applied appropriately in this case. Otherwise, the same behavior that is at controversy (prohibiting possession of weapons/firearms) would essentially evade judicial review ad infinitum if the City is permitted to render litigation moot arguing the language of such a repeated Order 'will be different next time'; precisely the kind of situation the mootness exception is intended to prevent.

Spencer Young (Pro Se)
2801 Western Ave #1019
Seattle, WA 98121
(954) 695-5371

1    "The mere restriction of liberty or of property rights cannot of itself be denominated

2    'public welfare,' and treated as a legitimate object of the police power; for such restriction is the

3    very thing that is inhibited by the Amendment."

4    *Coppage v. Kansas, 236 U.S. 1, 24 (1915)*

5    While Plaintiff does not dispute that there are circumstances and manners in which the

6    City may lawfully issue orders, including those that impair the right to bear arms and that such

7    orders could be necessary to ensure public welfare. Plaintiff, however, does not believe the

8    leading facts or actions of the City amount to any interest that can overcome the personal

9    liberties it tramples to justify the issuance of the Order at issue.  Here, the Order at issue asks

10   citizens to surrender substantial personal liberty, prohibiting the mere possession of various

11   objects or weapons within a large area of Seattle, without any limits to timespan of this

12   regulation and without regard to the time, place, or manner of said possession other than the

13   overly broad geographic region. Further, there is no discernable public welfare or government

14   interest in banning the mere possession of weapons. Defendant has alluded to numerous

15   circumstances and events that supposedly give rise to the reasonableness of the Order (see Dkt.

16   #14, at p.12) including assaults on Seattle Police Officers with rocks, bottles, and other

17   projectiles, burning of Seattle Police Patrol cars, theft of a Seattle Police rifle[2], Molotov

18   cocktails were made and objects thrown at Seattle Police HQ,  reports of a man with a gun[3], and

19   more. At the surface, it is true and clear that the government has a public welfare interest in

20   preventing this kind of behavior. However, upon thoughtful examination of this in the context

21

22   [2] As an example of how the Order at issue actually seems to *endanger* public welfare and to give credence to the
     public interest at hand: the stolen rifle seemingly cited here was recovered and later returned to Seattle Police by

23   Brandi Kruse, a lawfully armed citizen. This action that would have been prohibited if this Order was then in effect
     https://www.foxnews.com/us/seattle-security-guard-ar-15-rifle-rioter-stolen-smashed-police-cruiser
     [3] Which should not be alarming or give rise to the City's actions, as it is not a crime to be a man with a gun in and of
     itself… at least before the order was in effect.

PLAINTIFF'S BRIEF IN OPPOSITION OF MOTION FOR
JUDGMENT ON THE PLEADING - 4  (20-cv-00979-BAT)

Spencer Young (Pro Se)
2801 Western Ave #1019
Seattle, WA 98121
(954) 695-5371

of the Emergency Order at issue,  these are all acts that are already prohibited by existing laws and ordinances; the Emergency Order was never needed to prevent such acts, it has always been illegal to assault police officers, manufacture incendiary devices to destroy public property, and the like. Therefore, the net result is unreasonable: law-abiding citizens give up substantial liberties including constitutionally protected activities while there is, ostensibly, no furtherance of public welfare provided by the Order. In fact, there may even be chilling effects detrimental to public welfare (see previous footnote (2)).

As such, Plaintiff rejects the City's assertion that its actions were necessary to (or could even provide such effect to) "[seize] control of a large crime scene and locking it down for the safety of all involved" (See Dkt. #14 at p.15) and further submits that the City's exercise of its police powers in this case are unreasonable and unduly deprive citizens, including Plaintiff, of fundamental liberties and violate their constitutionally protected rights.

**C. Plaintiff does not lack standing**

Defendant raises the argument "Plaintiff Lacks Standing to Bring a Facial Challenge Against SMC 10.02.020(9), as that Ordinance Was Never Invoked" (See Dkt #14, F., at p.16). The specific relief requested by Plaintiff may have erroneously targeted a specific Seattle Municipal Code that was not directly invoked by Defendant. Only after filing of the initial complaint was it made clear that the City's Order was, by their claim, issued under the broad 'catch all' code SMC 10.02.020(A)(15) (see Dkt. #14 at p.4 Line 16) rather than the otherwise seemingly obvious conclusion that SMC 10.02.020(9) was invoked in issuing the Order. However, Plaintiff's request for relief and standing in the matter, generally, would otherwise be relatively unchanged in this matter. Plaintiff, in short, seeks declaratory relief declaring the the City's Order unlawful and injunctive relief to prevent the city from taking such action again;

PLAINTIFF'S BRIEF IN OPPOSITION OF MOTION FOR
JUDGMENT ON THE PLEADING - 5  (20-cv-00979-BAT)

Spencer Young (Pro Se)
2801 Western Ave #1019
Seattle, WA 98121
(954) 695-5371

injunctive relief need not take any particular form and does not necessarily require invalidation of any particular municipal code, but rather that the City be otherwise unable to repeat such actions again, if declared unlawful. Whether it was SMC 10.02.020(9) or SMC 10.02.020(A)(15)[4] that was applied to Plaintiff should be relatively immaterial (or at least curable, if it renders the complaint defective) in the presence of the full set of facts and nature of relief requested. Plaintiff asserts his standing to sue for both declaratory and injunctive relief sought in his complaint for reasons including the foregoing and additionally that Plaintiff (1) has suffered an injury-in-fact; (2) that injury is traceable to the challenged law; and, (3) the relief requested would redress that injury.

**D. State Preemption applies in this case**

The court's fundamental objective in construing a statute is to ascertain and carry out the legislature's intent. *Arborwood Idaho v. Kennewick, 113 Wn. App. 875* (citing *Dep't of Ecology v. Campbell Gwinn, L.L.C., 146 Wn.2d 1, 9-10, 43 P.3d 4 (2002); State v. J.M., 144 Wn.2d 472, 480, 28 P.3d 720 (2001)*). RCW 9.41.290 is not ambiguous and the legislative intent is clear: the State "fully occupies and preempts the entire field of firearms regulation [...] including [possession] [...] or any other element relating to firearms or parts thereof [...]". The Order is clearly inconsistent with and more restrictive than state law which preempts it.

In *Watson, et al. v. City of Seattle, et al., 93723-1,* a case that addressed, in part, whether or not a particular tax amounted to regulation, the Court remarked "Labeling something a tax does not make it so." Similarly here, the City labeling their actions as "executive action" (as opposed to, and mutually exclusive with "regulation", see Dkt #14 at p.14 Line 19) does not

---

[4] Plaintiff finds this after-the-fact distinction somewhat absurd. Using this same reasoning, would the City not be able to deny all challenges to orders/ordinances by invoking them vaguely, then, when challenged asserting that they are invoked under this very broad catch-all code?

PLAINTIFF'S BRIEF IN OPPOSITION OF MOTION FOR
JUDGMENT ON THE PLEADING - 6  (20-cv-00979-BAT)

Spencer Young (Pro Se)
2801 Western Ave #1019
Seattle, WA 98121
(954) 695-5371

necessarily make it so. In *Watson*, in order to determine whether or not the tax was actually a regulation, the court sought to determine whether or not the intent of the tax was regulation or legitimate taxation. Similarly here, the Court should seek to determine whether the ordinances (or the effect to which the Order issued gives the ordinance) has regulatory intent. The language of the Order is plain: it carries the intent to prohibit (regulate) the mere possession of weapons, including firearms, thusly it is regulation that is preempted by RCW 9.41.290

Ultimately, notwithstanding the distinction (or lack thereof) of the specific code invoked to issue the Order at issue here, as discussed in the preceding section, it is still a Seattle Municipal Code under which the Order at issue was issued. It should follow that executive orders issued under these ordinances must still give way to state preemption, whether invoked under specific language of ordinances like SMC 10.02.020(9) or broad and vague ones like that of SMC 10.02.020(A)(15) should similarly be limited by state preemption and prevent the same kind of prohibited regulatory behavior like that of RCW 9.41.290.

### III.   Amendments and supplemental pleadings

In the interests of avoiding unnecessary litigation costs, Plaintiff respectfully requests the opportunity to cure any curable defects in his complaint or brief with amended and/or supplemental pleadings. In 2018, a D.C. court of appeals held:

"[...] a plaintiff may cure a standing defect under Article III through an amended pleading alleging facts that arose after filing the original complaint. The alternative approach forces a plaintiff to go through the unnecessary hassle and expense of filing a new lawsuit when events subsequent to filing the original complaint have fixed the jurisdictional problem."

Spencer Young (Pro Se)
2801 Western Ave #1019
Seattle, WA 98121
(954) 695-5371

1    *Scahill v. District of Columbia*, No. 17-7151 (D.C. Cir. 2018)[5]

2          Here, Plaintiff believes that, if such defects or similarly curable defects arise, that an

3    opportunity to cure defects in his pleadings will ultimately benefit both parties in reducing

4    unnecessary litigation.

5

6                          **IV.    Conclusion**

7          For the forgoing reasons and those stated in Plaintiff's original pleadings, Plaintiff

8    respectfully requests that the Court deny Defendant's request to dismiss this action.

9

10          DATED this 19th day of October, 2020.

11

12                                                  Spencer Phillip Young

13

14                                                  Spencer Young, Pro se Plaintiff

15

16

17

18

19

20

21

22

23

---

[5] Plaintiff recognizes this citation may not be controlling, but hopes that it is persuasive nevertheless.

Spencer Young (Pro Se)
2801 Western Ave #1019
Seattle, WA 98121
(954) 695-5371

**CERTIFICATE OF SERVICE**

I certify that on the 19th day of October, 2020, I caused a true and correct copy of this

document to be served to Defendant via the CM/ECF e-filing system to:

| | |
|---|---|
| Kerala Cowart<br>Seattle City Attorney's Office 701 Fifth<br>Avenue, Suite 2050 Seattle, WA 98104<br>[Attorney for Defendant] | ( x ) Via Email<br>kerala.cowart@seattle.gov |
| Carolyn Boies<br>Seattle City Attorney's Office<br>701 Fifth Avenue, Suite 2050<br>[Attorney for Defendant] | ( x ) Via Email<br>Carolyn.boies@seattle.gov |

DATED this 19th day of October, 2020.


Spencer Phillip Young


Spencer Young, Pro se Plaintiff

PLAINTIFF'S BRIEF IN OPPOSITION OF MOTION FOR
JUDGMENT ON THE PLEADING - 9  (20-cv-00979-BAT)

Spencer Young (Pro Se)
2801 Western Ave #1019
Seattle, WA 98121
(954) 695-5371