1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

Hon. Brian A. Tsuchida

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

SPENCER YOUNG,

Plaintiff,

vs.

CITY OF SEATTLE,

Defendant.

Case No.  2:20-cv-00979-BAT

**REPLY BRIEF OF THE CITY OF
SEATTLE IN SUPPORT OF MOTION
FOR JUDGMENT ON THE PLEADINGS
PURSUANT TO FEDERAL RULE OF
CIVIL PROCEDURE 12(C)**

NOTE ON MOTION CALENDAR: October
23, 2020

## I.  INTRODUCTION

Defendant City of Seattle (City) submits this reply to the opposition brief filed by pro se

plaintiff, Spencer Young. Young's claims in this case seek to undermine the City's ability to take

emergency action to address threats to public safety. The Washington State Constitution affords

broad police powers to first class cities such as Seattle. *City of Seattle v. Goldsmith*, 131 P. 456,

457 (1913). The City has a corresponding responsibility to address threats to public safety by

maintaining public order, which the Ninth Circuit has described as "a core duty that the

government owes its citizens." *Menotti v. City of Seattle*, 409 F.3d 1113, 1131 (9th Cir. 2005).

**REPLY BRIEF OF THE CITY OF SEATTLE IN SUPPORT OF
MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 12(C)** - 1 (20-cv-
00979BAT)

Peter S. Holmes
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

1    On May 30, 2020, the City issued an Emergency Order to address threats to the general public,

2    large groups of peaceful protestors, and police officers. These threats included "reports . . . about

3    a man with a rifle on the Yesler overpass," "property damage to approximately 40 businesses in

4    the downtown core and Capitol Hill, vandalism of several police cars and Seattle Police

5    Headquarters, assaults on officers by rocks, bottles, metal cans, fireworks, and other projectiles."

6    Complaint, Exhibit A; Emergency Proclamation at 1-2.[1] The resulting Emergency Order was

7    limited to the geographic area of unrest, tailored to address the specific emergency

8    circumstances, and limited in time.  This Court should uphold the City's authority to impose

9    temporary, reasonable, and targeted restrictions of firearms in serious emergencies.

10       **II.     ARGUMENT**

11       **A.  There Is No Active Case or Controversy Because the City Voluntarily Rescinded the
           Emergency Order When the Emergency Subsided.**

12           There is no active controversy relating to the Emergency Order which was rescinded

13    voluntarily by the City on June 18.  Compl. Exhibit B. Young concedes this point but asserts that

14    the Emergency Order falls with the capable-of-repetition-yet-evading-review exception to this

15    requirement of Article III. Plf.'s Br. at 2-3. That exception does not apply, however, because

16    here there is no reasonable expectation that another, similar emergency order will issue. *United*

17    *States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1540 (2018). It is speculative to suggest that these

18    same circumstances will occur again. Indeed, the exercise of the emergency power afforded by

19    SMC 10.02.020(A)(15) explicitly requires extraordinary circumstances that may or may not

20    come to pass and are specifically drafted to address the circumstances that arise. Accordingly,

21    this case should be dismissed as moot.

22    _____

23          [1] Available at http://clerk.seattle.gov/~CFS/CF_321702.pdf

**REPLY BRIEF OF THE CITY OF SEATTLE IN SUPPORT OF
MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 12(C) - 2 (20-cv-
00979BAT)**

Peter S. Holmes
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

1

2

**B.  Young Does Not State a Valid Second Amendment Claim, Because the Emergency Order Addressed a Substantial Threat to Public Safety by Restricting Weapons in a Limited Geographic Zone and For a Short Period of Time.**

3

4

5

6

7

8

9

10

11

12

Young's sole claim arising under federal law is that the Emergency Order infringed on his Second Amendment right to keep and bear arms. That claim lacks merit. The parties agree that intermediate scrutiny applies to Young's claim. *See* Def.'s Mot. at 11; Plf.'s Opp. Br. at 3. The challenged Order plainly survives intermediate scrutiny which requires (1) the government's stated objective to be significant, substantial, or important; and (2) a reasonable fit between the challenged regulation and the asserted objective. *United States v. Chovan*, 735 F.3d 1127, 1138-39 (9th Cir. 2013) (applying intermediate scrutiny where challenged law placed a substantial burden on the appellant's right to bear arms but did not implicate the core Second Amendment right "of law-abiding, responsible citizens to use arms in defense of hearth and home" (quoting *D.C. v. Heller*, 554 U.S. 570, 635 (2008) ("Heller I").

13

14

15

16

17

18

19

20

21

22

23

The goal of the Emergency Order was to limit the weapons and tools being used to attack officers, vehicles, and buildings, and generally threatening public safety. That clearly relates to an important government interest. *Menotti v. City of Seattle*, 409 F.3d 1113, 1131 (9th Cir. 2005). The emergency order was reasonably tailored to this objective, because it created a limited zone encompassing downtown Seattle in which to restrict the very weapons at issue in declaring the emergency. In *Menotti* the Ninth Circuit determined that a similar emergency order issued during the World Trade Organization protests of 1999 was "narrowly tailored to serve a significant government interested" adequate to survive the more demanding constitutional scrutiny applied in the First Amendment context. *Menotti v. City of Seattle*, 409 F.3d 1113, 1131-37 (9th Cir. 2005). Less than three weeks after the Emergency Order was issued, and once the almost daily violence creating the emergency had subsided, the City rescinded it by Mayoral Proclamation.

**REPLY BRIEF OF THE CITY OF SEATTLE IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(C)** - 3 (20-cv-00979BAT)

Peter S. Holmes
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

1    Compl., Exhibit B.

2          The Supreme Court and Ninth Circuit have explicitly held that government bodies can

3    impose reasonable restrictions on the right to bear arms, for example by addressing who may carry

4    firearms and where people may do so.  *Heller I*, 554 U.S. at 626 (identifying "laws forbidding the

5    carrying of firearms in sensitive places such as school and government buildings" as presumptively

6    lawful); *Nordyke v. King*, 681 F.3d 1041, 1045-46 (9th Cir. 2012) (en banc) (collecting cases). The

7    City's Emergency Order here was a time-limited restriction on the right to carry weapons within a

8    carefully defined geographic area.

9          **C. Young's State-Law Constitutional Claim Should Be Dismissed Because the
          Emergency Order Was Reasonably Necessary to Protect Public Safety and
10         Substantially Related to That End.**

11         Washington State Constitution, Art. 1, section 24 grants a right to bear arms. Restrictions

12   on that right are permitted if "reasonably necessary to protect public safety or welfare, and

13   substantially related to legitimate ends sought." *State v. Jorgenson*, 312 P.3d 960, 964 (Wash. 2013)

14   (recognizing that the Washington State Constitution offers different and greater protection to the

15   right to bear arms than the Second Amendment and should be independently analyzed). The facts

16   described in the City's motion and in Section II.B, *supra*, demonstrate that the Emergency Order

17   was reasonably necessary and substantially related to the ends sought. A temporary restriction on

18   weapons in the targeted geographic area where civil unrest is occurring is both reasonable,

19   necessary, and substantially related to the ends of protecting public safety and welfare. As such,

20   Plaintiff's claim should be dismissed as a matter of law.

21

22

23

**REPLY BRIEF OF THE CITY OF SEATTLE IN SUPPORT OF
MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 12(C) - 4 (20-cv-
00979BAT)**

Peter S. Holmes
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

**D.  Young's State-Law Preemption Claim Should Be Dismissed, Because the Emergency Order Is Not a "Law or Ordinance" Subject to Preemption Under Section 9.41.290 of the Revised Code of Washington.**

RCW 9.41.290 states that "the State of Washington hereby fully occupies and preempts the entire field of firearms regulation within the boundaries of the state . . ." and provides that "municipalities may enact only those laws and ordinances relating to firearms that are specifically authorized by state law."

Although the language of RCW 9.41.290 is broad, it must be interpreted against the backdrop of the historical, broad authority of the City to protect the welfare of its residents. In Washington, the full police power of the state is vested in municipal corporations of the first class. *See Brennan v. City of Seattle*, 276 P. 886, 887 (Wash. 1929) (local police power of first class cities is same as state, except as restricted by legislative enactment); *City of Seattle v. Goldsmith*, 131 P. 456, 457 (Wash. 1913) (police power of state is delegated to first class cities); *Shepard v. City of Seattle*, 109 P. 1067, 1069 (Wash. 1910) (same).

The Emergency Order challenged here is not expressly included within the statutory preemption of RCW 9.41.290, because an Emergency Order is not a "law or ordinance." Article V, Section 2 of the Seattle City Charter specifically grants the Mayor the authority to declare an emergency and assume command of the police force during that emergency; it also provides a unique process by which the City Council ratifies and confirms emergency orders, which is different from the process by which City enacts legislation. *Compare* SMC 10.02.020(B) *with* Seattle City Charter Art. IV §§ 7-13. Therefore, the facts here are analogous to those in *Watson v. City of Seattle*, 401 P.3d 1, 13 (Wash. 2017), in which the Washington Supreme Court held that a tax on firearms and ammunition was not preempted because taxes are not explicitly referenced in RCW 9.41.290.

**REPLY BRIEF OF THE CITY OF SEATTLE IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(C) - 5 (20-cv-00979BAT)**

Peter S. Holmes
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

1    Accordingly, RCW 9.41.290 should be interpreted to preserve the City's ability to take

2  necessary emergency action to protect the welfare of its residents.

3    **E.  To the Extent the Complaint Raises a Facial Challenge to the Seattle Municipal Code**
       **Provision Authorizing the Issuance of Emergency Orders, It Should Be Dismissed.**

4    In its motion, the City construed the Young's complaint as asserting a facial challenge to the

5  validity of SMC 10.02.020(A)(9), which authorizes the Mayor to issue emergency orders "prohibiting

6  the carrying or possession of a firearm or any instrument which is capable of producing bodily

7  harm . . . ." The Complaint asserts that this language in 10.02.020(A)(9) "is in direct conflict with

8  Article I, section 24 of the State Constitution," *see* Compl. at 6, which guarantees that "[t]he right

9  of the individual citizen to bear arms in defense of himself, or the state, shall not be impaired."

10 However, the City did not rely on that ordinance for the authority to issue the Emergency Order at

11 issue here, but relied instead on SMC 10.02.020(A)(15), which authorizes orders that are "imminently

12 necessary for the protection of life and property." Because SMC 10.02.020(A)(9) is unconnected to

13 the challenged Emergency Order, there is no reason to believe that this provision could have been

14 applied to Young or will be applied in the future. Accordingly, Young must mount a facial challenge

15 to SMC 10.02.020(A)(9), rather than an as-applied challenge.[2]  However, the City's motion explains

16 why Young lacks standing to raise a facial challenge. Def.'s Mot. at 16-17.

17    In his opposition brief, however, Young clarifies that he is not asking the Court to strike down

18 any provision of the Seattle Municipal Code. Young states that he "seeks declaratory relief declaring

19

20 _____

21    [2]  Washington  state  courts  will  consider facial challenges to  a statute  only if  First
    Amendment freedoms are implicated and otherwise "will only determine whether a statute is
22 unconstitutional as applied to the facts of the case." *State v. Carver*, 781 P.2d 1308, 1312 (1989);
    *cf. United States v. Salerno*, 481 U.S. 739, 745 (1987) ("A facial challenge to a legislative [a]ct is,
23 of course, the most difficult challenge to mount successfully, since the challenger must establish
    that no set of circumstances exists under which the [a]ct would be valid.").

**REPLY BRIEF OF THE CITY OF SEATTLE IN SUPPORT OF**
**MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO**
**FEDERAL RULE OF CIVIL PROCEDURE 12(C)** - 6 (20-cv-
00979BAT)

Peter S. Holmes
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

the City's Order unlawful and injunctive relief to prevent the city from taking such action again." j(Plf.'s Opp. Br. at 5-6.) He further states that the relief requested "does not necessarily require invalidation of any particular municipal code" and that "[w]hether it was SMC 10.02.020(9) or SMC 10.02.020(A)(15) that was applied to Plaintiff should be relatively immaterial." *Id.* at 6 (footnote omitted).

**F.   In the Alternative, if the Court Does Not Grant the City's Motion, then Young Should Not Be Allowed to Amend His Complaint to Seek Injunctive Relief Because It Would Be Futile.**

Young's complaint requests only declaratory relief. However, in his opposition to the City's motion, Young for the first time requests injunctive relief.

A permanent injunction may issue only if a plaintiff is able to demonstrate:

(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, LLC,* 547 U.S. 388, 391 (2006).

Mere allegations of past violations do not meet the standard for granting injunctive relief. "The purpose of an injunction is to prevent future violations," and the moving party must demonstrate "there exists some cognizable danger of recurrent violation, something more than the mere possibility which serves to keep the case alive." *United States v. W. T. Grant Co.*, 345 U.S. 629, 633 (1953).

Young does not attempt to address any of these factors in his complaint or opposition brief. He does, however, include a general request that he be allowed to amend his "complaint or brief." Pl'f's Opp. Br. at 7. As a general matter, courts should freely grant leave to amend a pleading when justice so requires. Fed. R. Civ. P. 15(a)(2). This policy is applied with "extreme liberality," *Eminence*

**REPLY BRIEF OF THE CITY OF SEATTLE IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(C) - 7 (20-cv-00979BAT)**

Peter S. Holmes
Seattle City Attorney
701 5ᵗʰ Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

*Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003), and in the Ninth Circuit, a *pro se* litigant must be given leave to amend before dismissal "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988). Nonetheless, leave "is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). In determining whether to grant leave under Rule 15(a), a court should consider the following factors: (1) delay; (2) bad faith; (3) futility of amendment; and (4) prejudice. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

Here it would be futile to allow Young to amend his complaint to seek injunctive relief and add supporting factual allegations. As an initial matter, Young does not have standing to seek injunctive relief because he cannot demonstrate a likelihood of future violations. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 109 (1998) ("Because respondent alleges only past infractions of EPCRA, and not a continuing violation or the likelihood of a future violation, injunctive relief will not redress its injury."). In addition, assuming for purposes of this motion that Young will be able to satisfy the first factor of irreparable injury, he will not be able to meet other required factors, because the City carefully tailored the Emergency Order at issue here in response to specific circumstances that unfolded over the course of May 28, 29, and 30. Proclamation of Civil Emergency.[3] This fact which is undisputed and established by the record before this Court,[4] renders the likelihood of future harm entirely speculative. In addition, the public interest would be disserved by an injunction preventing the City from addressing threats to public safety.

---

[3] Available at http://clerk.seattle.gov/~CFS/CF_321702.pdf

[4] *See* Def.'s Mot. at 4 n.2 (asking the Court to take judicial notice of the Emergency Proclamation underlying the Emergency Order).

**REPLY BRIEF OF THE CITY OF SEATTLE IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(C) - 8 (20-cv-00979BAT)**

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

The remedy of a declaratory judgment may be available where the requirements for injunctive relief have not been met. *See Steffel v. Thompson,* 415 U.S. 452, 460-73 (1974) (explaining how considerations of comity and federalism underpin the "the modern framework for federal protection of constitutional rights from state interference" and concluding, among other holdings, that "Congress plainly intended declaratory relief to act as an alternative to the strong medicine of the injunction"); *see also  Halkin v. Helms*, 690 F.2d 977, 1007 (D.C. Cir. 1982) ("[I]t is the case, in contrast to the injunctive remedy, that a declaratory judgment may be appropriate even in a case where, due to a change of circumstances in the interval between the complained-of injury (or threat of injury) and the prayer for relief, there is no showing of a likelihood of imminent future harm or of the irreparable nature of the threatened injury.")

**III. CONCLUSION**

As a threshold matter, Young does not meet the Article III requirements to bring this suit because his claims are moot. In addition, assuming arguendo that the Emergency Order burdened Young's right to bear arms, the Order plainly surpasses constitutional scrutiny because it was necessary to address substantial threats to public safety on an emergency basis and was carefully limited in time and geographic scope. This Court also should reject Young's argument that the Washington State Legislature acted to preempt cities from exercising their historic emergency powers to protect the public safety and maintain order during civil unrest. For the foregoing reasons the City requests that the Court dismiss Young's complaint in its entirety with prejudice.

**REPLY BRIEF OF THE CITY OF SEATTLE IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(C) - 9 (20-cv-00979BAT)**

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

DATED this 23rd day of October, 2020.

PETER S. HOLMES
Seattle City Attorney

By:     */s/Kerala Cowart*
          Kerala Cowart, WSBA#53649
          Assistant City Attorney

Seattle City Attorney's Office
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
Tel #: (206) 684-8200
Fax #: (206) 684-8284

E-mail: kerala.cowart@seattle.gov

*Attorney for Defendant City of Seattle*

**REPLY BRIEF OF THE CITY OF SEATTLE IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(C) - 10 (20-cv-00979BAT)**